No. 13121

IN THE SUPREME COURT OF THE STATE OF MONTANA

1975

---

IN THE MATTER OF ACTUAL NECESSARY EXPENSE OF JUDGES

---

OPINION AND ORDER

---

Oral argument was presented by the following:

District Judges:

> Honorable Robert Keller, Kalispell, Montana
> Honorable Robert Sykes, Kalispell, Montana
> Honorable LeRoy McKinnon, Lewistown, Montana
> Honorable Gordon Bennett, Helena, Montana

Montana Bar Association:

> Alan F. Cain, Helena, Montana

Montana Trial Lawyers Association:

> James T. Harrison Jr., Helena, Montana

---

Submitted: September 26, 1975

Decided: OCT 16 1975

Filed: OCT 16 1975

Clerk

PER CURIAM:

On August 11, 1975, this Court issued a Notice of Hearing re "In the Matter of Actual Necessary Travel Expense of Judges". The notice reads:

"The Court has received oral and written complaints, as well as a petition, with respect to the question of expenses of Judges incurred in performance of their duties.

"The language of Art.VII, Sec. 9(2) of the 1972 Montana Constitution provides judges shall receive 'salary and actual necessary travel expense.' This language applies to Judges alone and to no other public official. It also must be read in conjunction with the other singular and peculiar limitations on Judges appearing in Art. VII.

"Sec. 1(b), Chapter 439, 1975 Session Laws (H.B. 621), amends section 59-538, R.C.M. 1947, and provides elected officials traveling within the state shall be authorized actual cost of lodging not exceeding $16.00 per day, plus $2.00 for the morning meal, $3.00 for midday meal and $5.00 for evening meal, all lodging claims must be documented by receipt.

"Sec. 3(c) amends section 59-801, R.C.M. 1947, and provides that when a privately owned vehicle is used a rate equal to the mileage allotment allowed by the United States Internal Revenue Service shall be paid for the first 1,000 miles and 3¢ less per mile for all miles thereafter traveled within a calendar month.

"It has been represented that the allowable mileage reimbursement does not in fact meet the actual expense of automobile travel and thereby diminishes the judge's salary contrary to Art.VII, Sec. 7, 1972 Montana Constitution. The same complaint has been made regarding limitation of the lodging reimbursement due to lack of suitable facilities within that price range in many areas of the state.

"The judiciary is presently carrying a heavy case load, evident to us by our calendar, and if circumstances exist as have been represented which hinder performance of our judges by requiring them to absorb a portion of their 'actual necessary travel expense' it is contended that we should adopt rules which will alleviate this situation.

"We deem this matter of prime importance because travel is necessary between counties in a judicial district and between districts. It is always difficult to secure out of district judges to help because of their commitments already existing and on top of this if skyrocketing costs are causing judges to say 'no' to requests for help we have a situation that cannot be tolerated.

"We want the facts! Since we have no
facilities for preparing a record we will accept
signed statements of facts, studies, articles,
briefs or any other type of documents which have
factual backgrounds on the matters with which we
are here concerned. We start with the limiting
words "actual necessary travel expense". We
anticipate facts to be presented which will estab-
lish "actual necessary" expenses to be a reasonable
formula to apply uniformly across the state, both
as to travel and sustenance.

"We direct the Clerk of this Court to forward
copy of this notice to each District Judge, and
to the Attorney General, the Legislative Finance
Committee, the Department of Revenue, the Department
of Administration, the Legislative Council, the
President of the State Bar of Montana, and President
of the Montana Trial Lawyers Association, and on
request to any other party evidencing an interest in
these matters.

"We will hold a fact-finding hearing on September
26, 1975, at the hour of 1:30 p.m., and will appreciate
receiving such documentary evidence as is available at
that time and, on prior request, will permit oral
presentation by counsels."

A hearing was held on September 26, 1975. The

Court has accepted letters, statements, newspaper articles,

and periodicals in an attempt to arrive at a satisfactory

solution for an order establishing a rule which will permit

claims to be filed, processed, audited and paid, so that judges

may be reimbursed their constitutional actual necessary travel

expenses in a reasonable way to apply uniformly across the

state.

The Court received under date of August 18, 1975, a

letter from W. A. Groff, Director of the Department of Revenue,

to the effect that insofar as legislative budget problems with

fiscal notes are concerned, none exist. Mr. Groff's letter reads:

"The Department of Revenue takes the position
that Article VII, Sections 7(1) and 9(2) of the
Montana Constitution have primacy over Sections
59-801 and 59-538, R.C.M. 1947, as amended. To
require Judges to comply with the provisions of the
above-cited sections of the Revised Codes of Montana
would violate those cited provisions of the Constitu-
tion stating that their salaries shall not be diminished
and that they are to receive actual necessary travel
expense. The Department's experience with the travel

- 3 -

and per diem allowances provided by the 1975
Session Laws is still inadequate to defray the
costs of actual necessary travel expenses.

"The Department of Revenue is routinely
called upon by the legislature to write 'fiscal
notes' on all matters affecting the state budget.
Our research division informs me that the monetary
impact of an increase in travel expenses for
Judges contemplated under Cause No. 13121 would be
minimal and of no consequence as it affects the state
budget."

Additionally, the Court has received an informative

letter from Jack Crosser, Director of the Department of Adminis-

tration. This letter includes an attachment showing a compilation

of actual meals and lodging charged by 25 of the 28 individual

judges. Mr. Crosser's letter makes this conclusion:

"In conclusion, the Department of Administration
takes no position as to whether or not statutory
travel expenses authorized the District Judges
meets the 'actual and necessary travel expense'
requirement of Article VII, Section 9, Constitution
of Montana 1972. It has always been this Department's
position in auditing expense claims that we must
enforce enacted legislation until changed by the Legis-
lature or declared unconstitutional by a court of
competent jurisdiction. Whatever the Court decrees
in this matter will be immediately implemented by
this Department."

As reflected by Mr. Crosser's conclusion, Mr. Groff's

letter, and our own Notice of Hearing heretofore quoted, the

problem is the legislature's language "elected state officials"

in sections 59-538 and 59-801, R.C.M. 1947, in authorizing

scheduled, fixed charges for lodging per day, meals individually,

and mileage.

The language of Article VII, sections 7(1) and 9(2)(3),

1972 Montana Constitution is:

Section 7(1): "All justices and judges shall be
paid as provided by law, but salaries
shall not be diminished during terms
of office."

Section 9(2): "No supreme court justice or district
court judge shall solicit or receive
compensation in any form whatever on
account of his office, except salary and
actual necessary travel expense."

Section 9(3): "Except as otherwise provided in this constitution, no supreme court justice or district court judge shall practice law during his term of office, engage in any other employment for which salary or fee is paid, or hold office in a political party."

This language makes it clear that legislative attempts to restrict "actual and necessary travel expense" of district judges and justices are unconstitutional. As applied to district judges and supreme court justices only, sections 59-538 and 59-801 are unconstituional, and we so hold.

Judges are entitled to their actual and necessary expenses for subsistence and lodging. This Court will audit and approve such expenses for their actuality, necessity and reasonableness.

The problem as to "actual and necessary" expenses for transportation is somewhat more complex because the state does not, as yet, furnish state owned automobiles. Thus, judges must furnish their own automobiles with all the attendant costs, including gasoline, insurance, tires, depreciation and general upkeep. Their travel varies widely, from almost none to 30,000 miles per year. The travel is complicated by multiple county, multiple district scheduling in all types of weather and conditions. It is also complicated by individual choice of automobiles, from compact to full sized.

Our problem is to adopt a fair rule that may be uniformly applied with a minimum of record keeping but consistent with fiscal responsibility.

Out of a myriad of materials, we have selected the analysis of the United States Department of Transportation of the Federal Highway Administration dated April 1972, and using our own interpolations and updating have arrived at a figure of 19¢ per mile as a fair and necessary figure, subject to periodic adjustment to meet changing conditions. We recognize that it may not in all cases meet the constitutional criteria but in those cases this

Court will require full record keeping and proof. The choice will be left to the individual judge. Additionally, as an observation, the legislature may, in the future, choose to provide other means, either by state owned automobiles, leased automobiles, or any other constitutional method. As to the choice of individual judges, where other forms of transportation other than public transportation are selected which will cost more than 19¢ per mile or the then current adjusted figure, this Court will require either prior approval or authenticated documentary proof of the actual and necessary expense.

This Court will hereafter handle the processing and approval of these claims on a monthly basis. Copies of this opinion and order shall be mailed by the Clerk of this Court to all District Judges, Workers' Compensation Judge, the Department of Administration and the Department of Revenue.

_____
Chief Justice

_____

_____

_____

_____
Justices.

- 6 -